UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT A. SMITH,**<br><br>Petitioner,<br><br>vs.<br><br>**FREDEANE ARTIS,**<br><br><br><br>Respondent. | 2:21-CV-13043-TGB<br><br>ORDER (1) DENYING MOTIONS FOR IMMEDIATE CONSIDERATION AND FOR A REVIEW OF HIS HABEAS PETITION ON THE MERITS, (2) DISMISSING THE HABEAS CORPUS PETITION WITHOUT PREJUDICE, (3) DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY, AND (4) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS* |

Petitioner Robert A. Smith, a state prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. ECF No. 1. Petitioner also filed a motion for immediate consideration of his habeas petition, ECF No. 2, and a motion to have the Court adjudicate his habeas petition on the merits, ECF No. 3. Petitioner concedes that he has not exhausted state remedies for six of his twelve claims, and even though he asserts that the problem is the state trial court's inordinate delay in processing his filings, the delay does not justify excusing the federal exhaustion requirement. Accordingly, the Court will dismiss the habeas petition without prejudice and deny Petitioner's pending motions.

1

## I. BACKGROUND

**A. The Convictions, Sentence, and Appeals**

In 2013, following a jury trial in Wayne County Circuit Court, the jury found Petitioner guilty of four counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2), one count of unlawful imprisonment, Mich. Comp. Laws § 750.349b, one count of intentional discharge of a firearm from a motor vehicle, Mich. Comp. Laws § 750.234a, two counts of carrying a dangerous weapon with unlawful intent, Mich. Comp. Laws § 750.226, two counts of being a felon in possession of a firearm, Mich. Comp. Laws §750.224f, two counts of possessing a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, and one count of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84. *See People v. Smith*, No. 316224, 2015 WL 1119716, at *1 (Mich. Ct. App. Mar. 12, 2015).

The trial court sentenced Petitioner as a fourth habitual offender to the following terms of imprisonment: 23 to 50 years for each assault with intent to commit murder; 26 years and 8 months to 50 years for the home invasion; 20 to 50 years for the unlawful imprisonment, for carrying a dangerous weapon with unlawful intent, for being a felon in possession of a firearm, and for the assault with intent to do great bodily harm; 10 to 15 years for the intentional discharge of a firearm from a motor vehicle; and two years for possessing a firearm during the commission of a felony.

*Id*. Petitioner raised several claims in an appeal as of right, but the Michigan Court of Appeals affirmed his convictions and sentences. *Id.*

Petitioner then sought leave to appeal in the Michigan Supreme Court. In lieu of granting leave to appeal, the State Supreme Court remanded Petitioner's case to the Wayne County Circuit Court "to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v. Lockridge,* 498 Mich. 358; 870 N.W.2d 502 (2015)." *People v. Smith*, 876 N.W.2d 825 (Mich. 2016).[1] The Supreme Court stated that the trial court could do one of two things: reaffirm Petitioner's original sentence if it determined that it would have imposed the same sentence, absent the unconstitutional constraint on its discretion; or resentence Petitioner if it determined that it would not have imposed the same sentence, absent the unconstitutional constraint on its discretion. *Id*. The Supreme Court denied leave to appeal in all other respects because it was not persuaded to review the other issues presented to the court. *Id*.

---

[1] In *Lockridge,* the Michigan Supreme Court concluded that "[b]ecause Michigan's sentencing guidelines scheme allows judges to find by a preponderance of the evidence facts that are then used to compel an increase in the mandatory minimum punishment a defendant receives, it violates the Sixth Amendment to the United States Constitution[.]" *People v. Lockridge*, 870 N.W.2d 502, 524 (Mich. 2015). To remedy the constitutional flaw in the guidelines, the Michigan Supreme Court held that the guidelines are advisory only. *Id.*

Petitioner subsequently moved for re-sentencing. On June 8, 2016, the trial court denied Petitioner's motion because the court thought that Petitioner was making a collateral attack on his sentence and that *Lockridge* did not apply retroactively on collateral review.

Petitioner appealed the trial court's order to the Michigan Court of Appeals, which vacated the trial court's June 8, 2016 order and remanded the case to the trial court. The Court of Appeals stated that Petitioner's sentencing challenge was not a collateral attack and that the trial court was bound by the Michigan Supreme Court's order to reconsider Petitioner's sentence under *Lockridge*. *See People v. Smith*, No. 335797 (Mich. Ct. App. Mar. 29, 2017).

In the same order, the Court of Appeals noted "a demonstrable pattern of error" in the trial court's docketing of actions for Petitioner's case. *Id*. According to the Court of Appeals, many of Petitioner's motions were not docketed, and there were orders for motions that had not been docketed. *Id*. To solve the problem, the Court of Appeals directed the Wayne County Court Clerk to update its register of actions, to allow Petitioner to refile any previously undocketed motions, to docket the refiled motions *nunc pro tunc*, and to docket any orders addressing the outstanding motions. *Id*.

**B. The First Habeas Petition and Appeal from the Dismissal**

In 2016, while Petitioner's criminal case was progressing through the state courts, Petitioner filed a habeas corpus petition in this Court.

4

He also filed a motion to stay the federal proceedings case because he was waiting for the state trial court to re-sentence him. *See Smith v. Jackson*, No. 4:16-cv-13475, ECF Nos. 1 and 2 (E.D. Mich. Sept. 23, 2016). The Court initially granted Petitioner's motion for a stay and administratively closed his case. *See id.*, ECF No. 4.

On September 12, 2019, the Court re-opened the case at Petitioner's request and directed the State to file a response. *See id.*, ECF No. 9. The Court permitted Petitioner to supplement his petition with additional claims, and after the State argued that Petitioner had failed to present some of his claims to the state courts, the Court dismissed the 2016 case without prejudice for failure to exhaust state remedies. *See Smith v. Jackson,* No. 4:16-cv-13475, 2020 WL 2085084 (E.D. Mich. Apr. 30, 2020).

Petitioner sought a certificate of appealability on the basis that it would be futile to attempt to exhaust state remedies. The United States Court of Appeals for the Sixth Circuit declined to issue a certificate of appealability. *See Smith v. Jackson*, No. 20-1501, 2020 WL 7048673 (6th Cir. Oct. 7, 2020). Although Petitioner had complained about the trial court's delay in resentencing him, the Sixth Circuit Court of Appeals stated that Petitioner could seek an order of superintending control in state court and appeal his sentence once he was resentenced. *Id.*, 2020 WL 7048673, at *2.

### C. The Current Petition and Pending Motions

Petitioner commenced this case on December 20, 2021. He concedes that he did not exhaust state remedies for six of his twelve claims. But he contends that his failure to exhaust state remedies is due to the state trial court's refusal to adjudicate the issues on the merits and comply with the Michigan Supreme Court's April 8, 2016 order. He states that his case has been languishing in state court for over five years, ECF No. 1, PageID.19, and that the state trial court's delay in re-sentencing him is inordinate and unjustifiable. *See id.* at PageID.15-17; *see also* Mot. for Immediate Consideration of Pet., ECF No. 2, and Mot. to Proceed with Pet. Due to Inordinate and Unjustifiable Delay, ECF No. 3, PageID.214, 226-27.

## II. ANALYSIS

### A. The Exhaustion Doctrine

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. "[E]xhaustion 'is a threshold

6

question that must be resolved before' a court may grant habeas relief[.]" *Johnson v. Bauman*, 27 F.4th 384, 387 (6th Cir. 2022) (citing *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009)).

The "exhaustion requirement . . . promotes comity with state courts." *Id*. at 397. It ensures that a federal habeas court "has the benefit of the state court's reasoned judgment," and "it honors the 'States' interest in the integrity of their criminal and collateral proceedings.'" *Id*. (quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). "These weighty interests help explain Congress's decision to make the exhaustion requirement absolute in all but the most extreme circumstances." *Id*. Ordinarily, federal district courts must dismiss habeas petitions containing any claims that have not been exhausted in state court. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

### B. Application of the Exhaustion Doctrine

As noted above, Petitioner concedes that he did not exhaust state remedies for six of his claims. He argues that he should be excused from doing so because of the state trial court's inordinate delay in re-sentencing him and processing his post-conviction motions.

There are exceptions to the exhaustion requirement. *Johnson*, 27 F.4th at 388. The two statutory exceptions are: "an absence of available State corrective process" or "circumstances . . . that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

7

"Despite these straightforward textual commands and a deep body of case law excusing a petitioner's failure to exhaust only in narrow circumstances," *Johnson,* 27 F.4th at 391, Petitioner invokes a third exception: inordinate delay in state court. He alleges that the state trial court has delayed inordinately (i) the processing of his post-conviction motions and (ii) compliance with the Michigan Supreme Court's order to reconsider his sentence pursuant to *Lockridge*.

"The inordinate delay doctrine acknowledges that when 'state procedures become ineffective or inadequate, the foundation of the exhaustion requirement is undercut and the federal courts may take action.'" *Id.* at 398 (quoting *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992)) (Gibbons, Circuit Judge, concurring in the judgment). "An inordinate delay in state court can render a state court process ineffective[.]" *Id.* (citing *Phillips v. White*, 851 F.3d 567, 576 (6th Cir. 2017); *Turner v. Bagley*, 401 F.3d 718, 724-27 (6th Cir. 2005); *Workman*, 957 F.2d at 1344)).

Still, a habeas petitioner invoking the inordinate-delay exception must show something more than mere delay, and the delay must be attributable to the state. *Id.* at 394. "By requiring something more than mere delay, [the Sixth Circuit] seek[s] to ensure that the underlying state court process was truly 'ineffective,' thereby excusing a failure to exhaust only in those historically 'rare cases where exceptional circumstances of peculiar urgency are shown to exist.'" *Id.* at 394-95 (quoting *Ex parte*

8

*Hawk*, 321 U.S. 114, 117 (1944)). "And by excusing non-exhaustion only when the delay is attributable to the state, [the Sixth Circuit] seek[s] to ensure that the petitioner's failure to exhaust is due to 'circumstances' independent of his own conduct that functionally foreclose state court review." *Id.* at 395.

It has been over six years since the Michigan Supreme Court ordered the state trial court to reconsider Petitioner's sentence in light of *Lockridge* and to reaffirm the original sentence or resentence Petitioner. It has been over five years since the Michigan Court of Appeals vacated the trial court's June 8, 2016 order and remanded Petitioner's case to the trial court for consideration of Petitioner's sentence, as required by the Michigan Supreme Court. And the last trial court order was signed and filed on November 21, 2019.[2] Since then, Petitioner has filed several motions which still appear to be pending in the trial court. *See id.*

The Court is unable to read the content of the motions and orders reflected on the state trial court's docket. Yet Petitioner does not appear to be "without recourse in state court." *Johnson,* 27 F.4th at 397 (quoting *Turner v. Bagley,* 401 F.3d 718, 726 (6th Cir. 2005)). This Court and the Sixth Circuit Court of Appeals have already determined that Petitioner has available state court remedies to exhaust. *See Smith*, 2020 WL 7048673, at *2; *Smith*, 2020 WL 2085084, at *4.

---

[2] *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID-2180168 (last visited July 21, 2011).

9

He can petition the Michigan Court of Appeals for a writ of superintending control to compel the state trial court to comply with the Michigan Supreme Court's order to reaffirm Petitioner's original sentence or to re-sentence him. *See* Mich. Ct. R. 3.302(D)(1) and 7.203(C)(1). He can also apply for a writ of superintending control in the Michigan Supreme Court. *See* Mich. Ct. R. 3.302(D)(1) and 7.303(B)(5).

Once the trial court complies with the Michigan Supreme Court's order to reconsider Petitioner's sentence under *Lockridge*, Petitioner can appeal the trial court's decision. *See People v. Kincade*, 206 Mich. App. 477, 481; 522 N.W.2d 880, 882 (1994) (explaining that, "where an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand"). This rule applies to cases that have been remanded for reconsideration of a sentence under *Lockridge*. *See People v. Howard*, 916 N.W.2d 654, 655-56 (Mich. Ct. App. 2018) (noting that the defendant was appealing as of right a circuit court's order on remand, which was necessary because the defendant's sentence was imposed before the Michigan Supreme Court issued its ruling in *Lockridge*). After the appellate process has concluded, Petitioner may be entitled to raise his unexhausted claims in a post-conviction motion.

Petitioner has not demonstrated that he took any of the steps outlined in the Court's order dismissing his 2016 habeas case. Nor has he

shown that the underlying state-court process is "truly ineffective" and that his failure to exhaust state remedies is due to circumstances "that functionally foreclose state court review" and leave him "incapable of remedying the constitutional violations he alleges." *Johnson*, 27 F.4th at 394-95, 397. Therefore, he is not excused from presenting his unexhausted claims to the state courts.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Petitioner's motion for immediate consideration, ECF No. 2, and his motion to proceed with his petition, ECF No. 3. The Court **DISMISSES** the habeas petition without prejudice.

The court **DECLINES** to issue a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner, nevertheless, may appeal this decision *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED** this 12th day of August, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge